# IN THE DISTRICT COURT OF THE UNITED STATES
# FOR THE DISTRICT OF SOUTH CAROLINA
# CHARLESTON DIVISION

| | |
|---|---|
| **Demetrius Smalls, # 286806,** ) | Case No. 2:16-cv-3881-RMG-MGB |
| ) | |
| **Petitioner,** ) | |
| ) | |
| v. ) | |
| ) | **REPORT AND RECOMMENDATION** |
| ) | |
| **Bryan Sterling, Warden,** ) | |
| ) | |
| **Respondent.** ) | |
| _____) | |

Demetrius Smalls ("Petitioner") is a state prisoner at Lieber Correctional Institution in South Carolina. He proceeding *pro se* and *in forma pauperis*. He has filed a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. (DE# 1, Petition, 160 pages including attachments). Pursuant to the provisions of 28 U.S.C. §636(b)(1)(B), and Local Rule 73.02(B)(2) (D.S.C.), the assigned United States Magistrate Judge is authorized to review the petition and submit findings and recommendations to the United States District Judge. Having reviewed the petition and applicable law, the Magistrate Judge recommends that this petition is an unauthorized successive petition, and therefore, this petition should be **summarily dismissed**, without prejudice to the Petitioner's ability to seek permission from the Fourth Circuit Court of Appeals to file a successive petition, based upon the following findings of fact and conclusions of law:

**I. Background**

In February of 2006, the Charleston County Grand Jury indicted Petitioner on two counts of armed robbery, assault and battery with intent to kill, and kidnapping. See Charleston County General Sessions Court Case Nos. 2006-GS-10-01253, 2006-GS-10 01254, 2006-GS-10 01255. (DE# 1-4 at 9). Plaintiff pleaded guilty on June 26, 2007. He was convicted and sentenced to

concurrent sentences, for a total of twenty-five (25) years imprisonment. Plaintiff did not appeal.[1] He filed several applications for post-conviction relief ("PCR"), which were denied. (DE# 1, ¶¶ 9, 11).[2] Plaintiff has also filed numerous related civil cases in this federal judicial district. *See, e.g.,* D.S.C. Case Nos. 2:15-2782, 2:15-2510, 2:14-3215, 2:14-958, 2:13-3374, and 2:13-2651.[3]

On September 23, 2013, Plaintiff filed a first habeas petition pursuant to 28 U.S.C. § 2254. The grounds for relief in the first habeas petition pertained to: 1) Petitioner's 2007 convictions for armed robbery, assault and battery with intent to kill, and kidnapping; 2) his 2005 arrest; and 3) his 2005 traffic violations. Specifically, Petitioner raised the following issues (verbatim):

> Ground One: Extrinsic fraud.
> Supporting Facts: I was kidnapped from society on inactive arrest warrants and the solicitor, attorney general, magistrate, municipal and circuit courts are all well aware of this, and initiated cases 2004-010174, 2005-000-275 and 2005-000-979; also, knowingly and deliberately submitted false information on state documents to conceal their intentional scheme to defraud the court, as well as manipulating the transfer court system to prosecute me in general sessions court.
>
> Ground Two: Perjury/illegal arrest.
> Supporting Facts: The case agent in case(s) 2006-GS-10-1253-56 lied knowingly and intentionally about placing me under arrest and serving me arrest warrants; and attempted to cut the arresting agency out of the picture to make it seem as if I was not arrested by another agency.
>
> Ground Three: Prosecutorial misconduct/Brady violation.
> Supporting Facts: The Solicitor Scarlett Wilson withheld information regarding an "alleged confidential informant, that was paid $100.00 to give information that led to my arrest. However, this was never brought up at my preliminary hearing.

---

[1] In 2010, the state court granted Petitioner's post-conviction request for a belated direct appeal pursuant to *White v. State*, 263 S.C. 110, 208 S.E.2d 35 (1974), but otherwise dismissed the PCR application as time-barred. The South Carolina Court of Appeals found that the PCR court's finding regarding appeal waiver was unsupported and that the Petitioner had waived his right to appeal. The South Carolina Court of Appeals therefore denied the Petitioner's request for a writ of certiorari. (DE# 1-4 at 32).

[2] In his present habeas petition, Petitioner complains that he did not obtain PCR relief because the sentencing judge was "in cahootz (sic) with Atty. Gen." (Id. at ¶ 11).

[3] This Court may properly take judicial notice of its own records. *Colonial Penn Ins. Co. v. Coil*, 887 F.2d 1236, 1239 (4th Cir.1989); *Assa'ad-Faltas v. South Carolina*, 2012 WL 6103204 (D.S.C.), *adopted by* 2012 WL 6106421 (D.S.C.) ("the District Court clearly had the right to take notice of its own files and records").

> Ground Four: Ineffective assistance of trial counsel.
> Supporting Facts: I was arrested illegally, admitted excessive bail, committed to detention, tried and prosecuted on inactive arrest warrants. I was also never indicted lawfully, but given twenty-five years when I never waived presentment or pled to a lesser-included offense.

See Case No. 2:13-cv-2651-RMG-BHH (DE#1, First Petition). Petitioner also filed a 76-page supplemental brief. (*Id*., DE# 26).

Petitioner indicated that he was seeking to vacate his 2007 convictions in the "Ninth Circuit Court of General Sessions . . . on the basis [that] indictment No(s) 2006-GS-10-1253-56 were (sic) illegally bounded to the commitment of the Petitioner . . ." (*Id*., DE# 26 at 38). Petitioner alleged that his 2007 convictions were invalid because he was arrested on inactive arrest warrants in case no. 2004-010174 and removed from Dorchester County, without Summerville Police or the Mount Pleasant Police enforcing and executing an order of the court in Dorchester County. (*Id*., DE# 26 at 9). Petitioner contended he was arrested in violation of state law and complained that he was arrested in Summerville and transported to Mount Pleasant. He complained he did not get a preliminary hearing for 2004-010174 and that he was tried in absentia [for traffic violations] without being informed of the consequences of failing to attend. (*Id*., DE# 26 at 5). He contends that he was never indicted on 2004-010174, and that the trial court lacked subject matter jurisdiction. (*Id*., DE# 26 at 14-16, 18-19).

In reviewing Petitioner's first habeas petition, the Magistrate Judge aptly pointed out that although Petitioner had expressly stated in his petition that he was challenging his 2007 convictions for armed robbery, kidnapping, and assault and battery with intent to kill, it was "unclear how information related to arrest warrants H865617 and H865618–which, according to Petitioner, are for driving without a license and interference with or hindering officers–entitles him to relief on his convictions for armed robbery, kidnapping, and assault and battery with intent to

kill." See Case No. 2:13-cv-2651-RMG-BHH, DE# 41 at 7, fn.2, Report and Recommendation, dated June 18, 2014. The Magistrate Judge further pointed out that "federal habeas corpus relief does not lie for errors of state law." (*Id.*).

The District Court agreed and denied relief because: 1) the entire petition was untimely; 2) Grounds 3 and 4 were procedurally barred; and 3) the substantive claims lacked merit. *Smalls v. McFadden*, Case No. 2:13-cv-2651-RMG-WWD, 2014 WL 3571415 (D.S.C.), *appeal dismissed by* 597 F.App'x 186 (4th Cir. March 17, 2015). In its Order denying relief, the District Court explained that Petitioner's claims about his 2005 arrest and traffic violations were not cognizable on habeas:

> Petitioner's first ground for relief is based on allegations of fraud in prior cases related to traffic violations. (See Dkt. No.1 at 5; see also Dkt. No. 45 at 1-6). As the Magistrate Judge noted, a habeas petitioner must "be 'in custody' under the conviction or sentence under attack at the time his petition is filed." *Maleng v. Cook*, 490 U.S. 488,490-91 (1989). Because Petitioner is not in custody under the traffic convictions, the Court lacks jurisdiction over any habeas claims attacking those convictions. See id.

See D.S.C. Case No. 2:13-cv-02651-RMG (DE# 46 at 4, Order of 7/18/14).[4] The District Court further explained although the Petitioner was complaining about a 2005 arrest, Petitioner was not 'in custody' as a result of that arrest, and such claim is not cognizable on habeas. (*Id.*).

On July 15, 2015, Plaintiff filed a second federal habeas petition challenging the same 2007 convictions, his 2005 arrest, and 2005 arrest warrants. *See Smalls v. Warden*, Case No. 2:15-cv-02782-RMG-MGB (DE#1 at 9-11, Second Petition). Petitioner again argued ineffective assistance of counsel. The District Court dismissed the petition because "the petition is successive, and Petitioner has not been granted permission by the Fourth Circuit to file a second or successive petition for a writ of habeas corpus." (*Id.*, DE# 7 at 3, Order, citing 28 U.S.C.A. § 2244(b)(3)(A)).

---

[4] Petitioner was convicted in 2005 in Mount Pleasant Municipal Court for the offenses of driving without a license and hindering a police officer.

On December 12, 2016, Petitioner filed the present (third) federal petition for habeas corpus pursuant to 28 U.S.C. § 2254, again seeking to challenge his 2007 convictions, his 2005 arrest and arrest warrants, and his 2005 traffic violations. (DE# 1). Although the lengthy petition is disorganized and difficult to follow, Petitioner's request for relief indicates that he is challenging his 2007 convictions. He seeks immediate relief from his concurrent 25-year sentences, which were imposed after he pleaded guilty to the 2007 charges of kidnapping, assault and battery with intent to kill, and armed robbery. See Charleston County General Sessions Court Case Nos. 2006-GS-10-01253, 2006-GS-10 01254, 2006-GS-10 01255. (DE# 1-4 at 91-94). Specifically, Petitioner asks the Court to "overturn judgment under indictment nos. 2006-GS-10-1253-56, for lack of subject matter jurisdiction." (DE# 1 at 16). Petitioner characterizes this third habeas petition as an "emergency grievance" and demands a jury trial. (DE# 1-2 at 1).

As before, Petitioner also complains about his 2005 arrest and traffic offenses. For example, in response to the question on the printed form asking Petitioner to: "Identify all crimes of which you were convicted and sentenced in this case," he indicates that "there are no arrest warrants, affidavits, police reports, indictments, and/or disposition in such case #2005-0043327." (DE# 1, ¶ 5 "There is no disposition."). In Ground Two, he indicates "there is no disposition finding this petitioner guilty or not." (*Id*. at 8). He indicates he was "never prosecuted" for such 2005 arrest. (DE# 1-2 at 1).  Petitioner alleges he was "illegally processed and convicted in cases: 2004-010174, 2005-000-275, 2005-000-979; A/W #5 H865617, H865618, H863655-59). (DE# 1 at 2, ¶ 6).

In sum, the Petitioner's third petition appears to re-assert the same previously-adjudicated issues from his first petition. He seeks to challenge his 2007 convictions, his 2005 arrest and arrest warrants, and his 2005 traffic violations.

## II. Standard of Review

Under established local procedure in this judicial district, a careful review has been made of the *pro se* petition filed in this case pursuant to the Rules Governing § 2254 Cases, 28 U.S.C. § 2254; the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), Pub. L. No. 104-132, 110 Stat. 1214; and in light of the following precedents: *Denton v. Hernandez*, 504 U.S. 25 (1992); *Neitzke v. Williams*, 490 U.S. 319, 324-25 (1989); *Haines v. Kerner*, 404 U.S. 519 (1972); *Nasim v. Warden, Md. House of Corr.*, 64 F.3d 951 (4th Cir. 1995) (*en banc*); and *Todd v. Baskerville*, 712 F.2d 70 (4th Cir. 1983).

*Pro se* pleadings are given liberal construction and are held to a less stringent standard than formal pleadings drafted by attorneys. *Erickson v. Pardus*, 551 U.S. 89, 94 (2007). However, "[t]he 'special judicial solicitude' with which a district court should view ... *pro se* complaints does not transform the court into an advocate. *United States v. Wilson*, 699 F.3d 789, 797 (4th Cir. 2012), *cert. denied*, 133 S.Ct. 2401 (2013). Only those questions which are squarely presented to a court may properly be addressed." *Weller v. Dept. of Soc. Servs. for City of Baltimore*, 901 F.2d 387, 391 (4th Cir. 1990). Giving "liberal construction" does not mean that the Court can ignore a prisoner's clear failure to allege facts that set forth a cognizable claim. "Principles requiring generous construction of *pro se* complaints ... [do] not require ... courts to conjure up questions never squarely presented to them." *Beaudett v. City of Hampton*, 775 F.2d 1274, 1278 (4th Cir. 1985), *cert. denied*, 475 U.S. 1088 (1986).

## III. Initial Screening for Successiveness

This Court must initially screen this habeas petition to determine if "it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court." Rule 4 of the Rules Governing Section 2254 Cases in the United States District Courts. Initial

screening reflects that Petitioner is not entitled to any relief. The present habeas petition is lengthy, disorganized, and at best, difficult to follow. Even liberally construed, it is difficult to discern any coherent claims in the petition. Petitioner indicates that he is seeking "immediate release" and asks the Court to "overturn judgment under indictment no. 2006-GS-10-1253-56." (DE# 1 at 16). Indictment No. 2006-GS-10-1253-56 is the indictment for the two counts of armed robbery that Petitioner pleaded guilty to in 2007. Petitioner is currently serving concurrent 25-year sentences for his 2007 convictions, including the armed robbery offenses in Indictment No. 2006-GS-10-1253. This Court has already considered and rejected the Petitioner's habeas claims regarding his 2007 convictions, 2005 arrest, and 2005 traffic violations. See Case No. 2:15-cv-02782-RMG-MGB (DE# 46, Order of July 18, 2014, dismissing petition with prejudice).

For a petition to qualify as "successive," the dismissal of the first habeas petition must have been "on the merits." *Slack v. McDaniel*, 529 U.S. 473, 485–89 (2000); *Harvey v. Horan*, 278 F.3d 370, 379 (4th Cir. 2002), *abrogated on other grounds by Skinner v. Switzer*, 131 S. Ct. 1289 (2011); *and see, e.g., Harvey*, 278 F.3d at 379–80 (differentiating dismissals "on the merits," including those for procedural default, from dismissals without prejudice based on "lack of exhaustion"). Petitioner's first § 2254 petition was dismissed with prejudice on the merits. *See Smalls v. McFadden*, Case No. 2:13-cv-2651-RMG-BHH, 2014 WL 3571415 (D.S.C.), *appeal dismissed by* 597 F.App'x 186 (4th Cir. 2015).

Petitioner subsequently filed a second habeas petition regarding the same convictions. The District Court dismissed the second petition because it was unauthorized and successive. Petitioner is now attempting to bring a third habeas petition reasserting the same previously-adjudicated issues regarding the same convictions. As an unauthorized successive petition, the present § 2254 petition is subject to summary dismissal. The AEDPA provides that "[a] claim presented in a

second or successive habeas corpus application under section 2254 that was presented in a prior application shall be dismissed." 28 U.S.C. § 2244(b)(1). The United States Supreme Court has explained that before a "district court may accept a successive petition for filing, the court of appeals must determine that it presents a claim not previously raised that is sufficient to meet § 2244(b)(2)'s new-rule or actual-innocence provisions." *Gonzalez v. Crosby*, 545 U.S. 524, 530 (2005). The statute requires that "[b]efore a second or successive application permitted by this section is filed in the district court, the applicant shall move in the appropriate court of appeals for an order authorizing the district court to consider the application." 28 U.S.C. § 2244 (b)(3)(A). Rule 9 of Rules Governing Section 2254 and 2255 Cases also provides that "[b]efore presenting a second or successive petition, the petitioner must obtain an order from the appropriate court of appeals authorizing the district court to consider the petition as required by 28 U.S.C. § 2244(b)(3) and (4)." Thus, Petitioner must first obtain authorization from the United States Court of Appeals for the Fourth Circuit before filing this successive petition.

Petitioner does not indicate, and the record does not reflect, that he has sought permission from the Fourth Circuit Court of Appeals to file a successive § 2254 petition. In the absence of the required authorization, a district court has no jurisdiction to consider the merits of the petition. *Burton v. Stewart*, 549 U.S. 147, 153 (2007) (holding that failure of petitioner to obtain authorization to file a "second or successive" petition deprived the district court of jurisdiction to consider the second or successive petition) (citing § 2244(b)(3)(A)). In *Burton*, the United States Supreme Court explained:

> Burton twice brought claims contesting the same custody imposed by the same judgment of a state court. As a result, under AEDPA, he was required to receive authorization from the Court of Appeals before filing his second challenge. Because he did not do so, the District Court was without jurisdiction to entertain it.

*Id.; and see, e.g., Smart v. Warden*, Case No. 2:13-cv-2449-GRA-BHH, 2013 WL 6054475 (D.S.C. Nov. 15, 2013) (dismissing habeas petition without prejudice, because Petitioner had not obtained permission from the Fourth Circuit Court of Appeals to file a successive § 2254 petition).

In conclusion, review of the Petitioner's third habeas petition reflects that he is attempting to bring an unauthorized successive petition in order to obtain "immediate release" from his 2007 convictions. This Court lacks subject matter jurisdiction over an unauthorized successive petition.

## IV.  Certificate of Appealability

A certificate of appealability will not issue absent "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). When a district court denies relief on the merits, a prisoner satisfies this standard by showing that reasonable jurists would find that the district court's assessment of the constitutional claims is debatable or wrong. *Slack*, 529 U.S. at 484; *Miller–El v. Cockrell*, 537 U.S. 322, 336–38 (2003). When a district court denies relief on procedural grounds, the prisoner must demonstrate both that the dispositive procedural ruling is debatable, and that the petition states a debatable claim of the denial of a constitutional right. *Slack*, 529 U.S. at 484–85.

Here, the record plainly shows that: 1) Petitioner has previously filed a § 2254 petition that was considered and rejected on the merits; 2) that Petitioner filed a second habeas petition that was dismissed as successive; and 3) that Petitioner has now filed another successive petition (attempting to challenge the same 2007 convictions and sentences, on the same grounds) without permission of the Fourth Circuit Court of Appeals. In light of the record, this procedural ruling is not "debatable." This District Court lacks subject matter jurisdiction over an unauthorized successive petition. Additionally, as this District Court held when denying the first petition, this Court would also lack subject matter jurisdiction over any claim regarding a 2005 arrest or any traffic violations for which the Petitioner (admittedly) is not "in custody." Petitioner is in custody

for his 2007 convictions, not for any traffic violations or arrest for which there was "no disposition." The present petition fails to state a debatable claim of the denial of any constitutional right. Petitioner is not entitled to a certificate of appealability.

## V. Recommendation

Accordingly, the Magistrate Judge recommends that: 1) the Petition (DE# 1) be **summarily dismissed** without prejudice and without requiring the respondent to file a return; and 2) a certificate of appealability **should not be issued**.

**IT IS SO RECOMMENDED.**

_____
MARY GORDON BAKER
UNITED STATES MAGISTRATE JUDGE

December 15, 2016
Charleston, South Carolina

The parties' attention is directed to the **Important Notice** on the next page:

**Notice of Right to File Objections to Report and Recommendation**

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Judge. **Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections.** "[I]n the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'" *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 advisory committee's note).

Specific written objections must be filed within fourteen (14) days of the date of service of this Report and Recommendation. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); *see* Fed. R. Civ. P. 6(a), (d). Filing by mail pursuant to Federal Rule of Civil Procedure 5 may be accomplished by mailing objections to:

**Robin L. Blume, Clerk**
**United States District Court**
**Post Office Box 835**
**Charleston, South Carolina 29402**

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.** 28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140 (1985); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984).