IN THE UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA
CHARLESTON DIVISION

| | | |
|---|---|---|
| Demetrius Smalls, #286806, | ) | Civil Action No. 2:16-3881-RMG |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | **ORDER** |
| | ) | |
| Bryan Sterling, *Warden*, | ) | |
| | ) | |
| Respondent. | ) | |
| | ) | |

This matter is before the Court on the Report and Recommendation of the Magistrate Judge, recommending summary dismissal of this unauthorized successive petition for habeas relief. The Court adopts the Report and Recommendation in part and summarily dismisses the petition.

I.  **Background**

On June 26, 2007, Petitioner pleaded guilty to two counts of armed robbery, assault and battery with intent to kill, and kidnapping. He did not appeal, but he filed several applications for post-conviction relief, which were denied. He has also filed numerous related civil cases in this District. *See, e.g.*, Case Nos. 2:15-2782, 2:15-2510, 2:14-3215, 2:14-958, 2:13-3374, 2:13-2651. On September 23, 2013, Petitioner filed his first habeas petition pursuant to 28 U.S.C. § 2254. The Court denied relief because the petition was untimely, several asserted grounds for relief were procedurally barred, and Petitioner's substantive claims lacked merit. *Smalls v. McFadden*, Case No. 2:13-cv-2651-RMG-WWD, 2014 WL 3571415 (D.S.C.), *appeal dismissed*, 597 F.App'x 186 (4th Cir. March 17, 2015). On July 15, 2015, Plaintiff his second habeas petition challenging the same 2007 convictions. *See Smalls v. Warden*, Case No. 2:15-cv-02782-RMG-MGB. The Court dismissed the petition because "the petition is successive, and Petitioner has not been granted

permission by the Fourth Circuit to file a second or successive petition for a writ of habeas corpus." Order, *id.*, Dkt. No. 7 at 3. On September 26, 2016, Petitioner moved the Fourth Circuit to authorize a successive habeas petition, which was denied on October 25, 2016. *In re Demetrius Smalls*, No. 16-3079 (4th Cir.). On December 12, 2016, Petitioner filed his third habeas petition challenging the same 2007 convictions, which is now before the Court. On December 29, 2016, Petitioner again sought habeas relief in the form of a "motion for a default judgment" in closed case number 2:13-cv-2651-RMG-WWD, which was struck from the docket pursuant to the Court's order of August 3, 2015.

## II. Legal Standard

The Magistrate Judge makes only a recommendation to this Court. The recommendation has no presumptive weight, and the responsibility to make a final determination remains with the Court. *Mathews v. Weber*, 423 U.S. 261 (1976). The Court is charged with making a *de novo* determination of those portions of the Report and Recommendation to which specific objection is made. The Court may accept, reject, or modify, in whole or in part, the recommendation of the Magistrate Judge. 28 U.S.C. § 636(b)(1).

## III. Discussion

A habeas petition is successive if a prior petition was dismissed on the merits. *Slack v. McDaniel*, 529 U.S. 473, 485–89 (2000). Petitioner's first § 2254 petition was dismissed with prejudice on the merits. *See Smalls*, 2014 WL 3571415. "Before a second or successive application permitted by this section is filed in the district court, the applicant shall move in the appropriate court of appeals for an order authorizing the district court to consider the application." 28 U.S.C. § 2244 (b)(3)(A). Petitioner must first obtain authorization from the United States Court of Appeals for the Fourth Circuit before filing this successive petition. The Court adopts the Report and Recommendation of the Magistrate Judge, identifying this as a successive petition and

recommending dismissal, except that the Court declines to adopt the first sentence of the second paragraph of the eighth page of the Report and Recommendation, which states "Petitioner does not indicate, and the record does not reflect, that he has sought permission from the Fourth Circuit Court of Appeals to file a successive § 2254 petition." As noted above, Petitioner did seek permission from the Fourth Circuit to file a successive petition, which was denied on October 25, 2016. He nonetheless filed this unauthorized successive petition on December 12, 2016. The Court lacks jurisdiction to consider an unauthorized successive petition. 28 U.S.C. § 2244 (b)(3)(A).

## IV.  Conclusion

For the foregoing reasons, the Court **ADOPTS IN PART AND DECLINES TO ADOPT IN PART** the Report and Recommendation of the Magistrate Judge (Dkt. No. 6) as the Order of the Court and **DISMISSES WITHOUT PREJUDICE** the petition (Dkt. No. 1).

### Certificate of Appealability

The governing law provides that:

(c)(2) A certificate of appealability may issue . . . only if the applicant has made a substantial showing of the denial of a constitutional right.

(c)(3) The certificate of appealability . . . shall indicate which specific issue or issues satisfy the showing required by paragraph (2).

28 U.S.C. § 2253(c). A prisoner satisfies the standard by demonstrating that reasonable jurists would find this court's assessment of his constitutional claims debatable or wrong and that any dispositive procedural ruling by the district court is likewise debatable. *See Miller-El v. Cockrell*, 537 U.S. 322, 336 (2003); *Slack v. McDaniel*, 529 U.S. 473, 484 (2000); *Rose v. Lee*, 252 F.3d 676, 683 (4th Cir. 2001). In this case, the legal standard for the issuance of a certificate of appealability has not been met. Therefore, a certificate of appealability is **DENIED**.

-4-

**AND IT IS SO ORDERED.**

Richard Mark Gergel
United States District Court Judge

December 3, 2016
Charleston, South Carolina

-4-